UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
UNITED STATES OF AMERICA

       v.                                                 Case No. 1:24-CR-00131 (BAH)

JAMES WEEKS,

                              Defendant.

## REPLY SENTENCING MEMORANDUM ON BEHALF OF JAMES WEEKS

**HACKER MURPHY, LLP**
James C. Knox, Esq.
*Attorney for Defendant James Weeks*
Admitted *Pro Hac Vice*
28 Second Street
Troy, NY  12181
(518) 274-5820

**INTRODUCTION**

The government's recitation of Mr. Weeks' conduct on January 6, 2021, as set forth in the government's Sentencing Memorandum is factually correct, and Mr. Weeks does not quibble with that recitation. However, some response is required to two areas discussed in the government's memorandum. In Section B of said memorandum, "The History and Characteristics of the Defendant," the government turns the factors in 18 U.S.C. § 3553 (a) largely on their heads, and argues that all of the positives in Mr. Weeks' life and history should now weigh against him. Additionally, the government argues that Mr. Weeks has failed to express remorse, which, through his plea of guilty and his Statement submitted to the Court along with his Sentencing Memorandum, demonstrate clearly that he has.

**MR. WEEKS' CHARACTER AND HISTORY IS NOT AGGRAVATING**

The government declares that "Weeks' history is both mitigating and aggravating." The government then proceeds to cite elements of Mr. Weeks' characteristics and history that would ordinarily be mentioned in mitigation (lack of criminal history, established work history, a solid educational foundation, and a career of service in Corrections), as things which should now be held against Mr. Weeks. Dkt. 43, at 19.

In his memorandum and his own statement to the Court, Mr. Weeks acknowledged the juxtaposition of his career and law-abiding life with the conduct for which he has pleaded guilty. Mr. Weeks understands the basic argument the government makes – that he "should have known better" – but under the government's analysis, no one can ever argue that any positive attributes are mitigating.

Instead, under the government's view, all positives become negatives. The better an

2

offender is outside of a specific case, the more he or she should be held to account for aberrant behavior inside the case.  For example, the Guidelines Manual and 18 U.S.C. § 3553 (a) count lower criminal history as a positive.  The same should hold true for other positive characteristics involving education, upbringing and work.  All offenders should "have known better," but those who worked hard in life to live honorably and productively up to and since the commission of their crime should garner an advantage at sentencing over those who historically have squandered their lives and opportunities.

As to Mr. Weeks' career as a Correction Officer, the government rightly asserts that, in part because of that history, it "should have been especially clear to Weeks" that the officers defending the Capitol were just doing their jobs.  Dkt. 43, at 19.  This contention borders on the absurd: that fact should have been equally clear to everyone.  In any event, Mr. Weeks has specifically acknowledged that:

> I felt it was my duty to support and help the other protestors.  Looking back, I realize that was the opposite of my duty.  I should never have supported rioters, and my loyalty should have been with the Police Officers struggling to control the situation.  Dkt. 44-3 at 4.

A career of public service should not weigh against Mr. Weeks, and to weigh it as such would be contrary to the purpose and intent of federal sentencing practice.

## SPECIFIC DETERRENCE

The government contends that, as concerns the sentencing factor of specific deterrence, Mr. "Weeks' actions on January 6, in light of his history as a corrections officer, indicate a belief that Weeks believes he's above the law." Dkt. 43, at 21.  It borders on the tautological to contend that someone who is convicted of committing an offense believed that she or he was above the law, at least at the time of the offense.  But in Mr. Weeks' case, he has demonstrated beyond

3

plausible argument that he knows that he is not above the law.

First, the entire history of Mr. Weeks' life serves to establish that he knows he is not above the law. He has never broken the law before January 6, 2021, and he has not since. Moreover, Mr. Weeks' career in Corrections, including his rise to the rank of Lieutenant, was the result and consequence of adherence to law and rules. Mr. Weeks is a strident believer in a personal code of conduct that includes following the rule of law.

Moreover, Mr. Weeks accepted responsibility in this case by pleading guilty, demonstrating that he knows that he is not above the law. He has also genuinely expressed his remorse in this case:

> I regret the harm to all who were impacted by my actions. I recognize that includes members of Congress and their staff, police officers, and many others, including people who were not even present at the Capitol that day.
>
> ***
>
> The next morning[,] I thought about my own role, and I realized, once at the Capitol, I had foolishly moved far beyond peaceful protest, and into outright riot.
>
> ***
>
> The biggest lesson I have learned is not to be taken in by the firehose of falsehoods and big lies, which are used to acquire and maintain power… I also know that, regardless of what others say, at the end of the day, only I am accountable for my individual actions… I have learned that my individual actions, when combined with those of others, have far-reaching and dangerous consequences. I was part of a riot that as a whole caused great harm. I can't undo it, but seeing now more clearly the big picture, I've learned it. Dkt. 44-3 at 1, 6.

## CONCLUSION

The essence of a conviction – whether by plea or trial – is that it demarcates the point in a person's life when he or she stepped beyond the bounds of lawful behavior and is to be held to account for it. Like almost every offender, Mr. Weeks has regret and would gladly undo his

4

actions on January 6, 2021, if that were possible, but as he himself has written, he knows that it is not.  No one facing a federal sentencing can justifiably claim they were in the right or that they are undeserving of punishment, and Mr. Weeks does not make such claims.  Instead, he simply asks that this Court consider his positive characteristics and history as positives, rather than as negatives, and that it take into account the expression of remorse which is his own genuine and heartfelt expression of accountability.

DATED:  September 25, 2024

Respectfully submitted,

HACKER MURPHY, LLP

/s/ James C. Knox
JAMES C. KNOX, ESQ.
*Attorney for Defendant James Weeks*
Admitted *Pro Hac Vice*
28 Second Street
Troy, New York 12181
(518) 247-5820